IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DODGE-REGUPOL, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-5074 |
| PRIMARY ACOUSTICS LLC | : | |

MEMORANDUM

Baylson, J.                                                                                                                                                                              **August 23, 2007**

I. **Introduction**

Presently before the Court is Defendant's Motions to Dismiss, or in the Alternative, Transfer Venue, and Motion to Stay the proceedings (Doc. No. 8). For the following reasons, the Court will note the parties' contentions on the jurisdictional issue, and in view of the fact of conflicting submissions and evidence on the jurisdictional issue, the Court has decided to allow a short period of time for the parties to complete jurisdictional discovery.

II. **Background**

    A. **Procedural History**

Plaintiff, Dodge-Regupol, Inc. ("Plaintiff" or "DRI") filed a Complaint (Doc. No. 1) in this Court on November 16, 2006, alleging one count of patent infringement against Defendant, Primary Acoustics LLC ("Defendant" or "Primary Acoustics"). DRI claims that a sound insulation product sold by Primary Acoustics, VerdeX™, infringes a patent held by DRI. On January 2, 2007, Primary Acoustic moved (Doc. No. 8) to dismiss the case due to lack of personal jurisdiction, or to transfer venue. Primary Acoustic also has moved to stay these proceedings pending resolution of a case brought by Plaintiff in the Middle District of Pennsylvania against a manufacturer of the product at issue in the patent. DRI responded (Doc.

No.11) on January 30, 2007, and Primary Acoustic replied (Doc. No. 13) on February 6, 2007.

### B.     Parties' Contentions

#### 1.     Defendant's Motion

Defendant moves to dismiss for lack of personal jurisdiction and for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. Alternatively, Defendant moves to transfer venue to the United States District Court for the District of Maryland, Northern Division because venue is improper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), or to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendant also moves to stay disposition of Plaintiff's patent infringement claim pending resolution of an assertedly related case in the Middle District of Pennsylvania. In support of its Motion, Defendant has submitted the affidavit of Andrew Naden, Executive vice President of Primary Acoustics.

As to personal jurisdiction, Primary Acoustics argues (1) the Court lacks specific jurisdiction over it because it does not satisfy the minimum contacts with Pennsylvania required by Pennsylvania's Long Arm Statute, and that personal jurisdiction is barred by the Due Process clause of the Fifth Amendment, and (2) general jurisdiction does not exist because Primary Acoustics does not maintain continuous and systematic contact with Pennsylvania.

As to venue, Defendant first argues that venue is improper because the Court lacks personal jurisdiction over it, thus requiring dismissal of the case. In the alternative, Defendant argues for transfer of the case to the United States District Court for the District of Maryland, Northern Division for the convenience of the parties, pursuant to 28 U.S.C. § 1404(a). Defendant claims that its relevant sales representatives live in or near Baltimore, Maryland, and

because there is no connection between this litigation and this District.

Alternatively, Primary Acoustics moves to stay the instant litigation, arguing that the status of a case brought by DRI in the Middle District of Pennsylvania alleging infringement of the same patent warrants a stay of the instant proceedings until the resolution of the case in the Middle District. Primary Acoustics claims that since DRI's other case is against a manufacturer of an allegedly infringing product, the case against Primary Acoustics is subject to the "customer suit" exception, which provides that litigation against an allegedly infringing manufacturer takes precedence over a suit against customers of the manufacturer such as Primary Acoustics.

### 2. **Plaintiff's Response**

In opposition to Primary Acoustics' claims regarding jurisdiction and venue, DRI asserts Primary Acoustics has regularly conducted business in the Commonwealth of Pennsylvania, and, through its offers for sale and sales of products into the Commonwealth, has maintained continuous and systematic contacts with Pennsylvania. DRI further claims Primary Acoustics has transacted business in Pennsylvania, which transactions give rise to its patent infringement claim.

DRI argues that Pennsylvania's Long Arm Statute is coextensive with federal Due Process requirements, and so the Court may exercise personal jurisdiction over Primary Acoustics because (a) Primary Acoustics has purposefully directed its activities at residents of Pennsylvania, (b) DRI's patent infringement claim arises directly out of Primary Acoustics' activities within Pennsylvania, and (c) asserting personal jurisdiction in this case is reasonable given Primary Acoustic's activities in Pennsylvania. DRI asserts that in a patent infringement case venue is proper in a judicial district when the defendant is a corporation, and the corporation

is subject to personal jurisdiction in that district. DRI further asserts that an analysis of factors under § 1404 would not warrant transfer of venue in the instant action. Alternatively, DRI asks for jurisdictional discovery. DRI contends that if the evidence it has produced does not convince the Court of its jurisdiction over Primary Acoustics, the evidence at least meets the threshold entitling DRI to further discovery on the matter.

DRI opposes the Motion to Stay on the grounds that the case in the Middle District will not substantially affect or be dispositive of issues in the instant matter. According to DRI, the product allegedly manufactured by the defendant in the case in the Middle District has a physical attribute materially different from the product at issue in the case before this Court, namely the thickness of the panel. DRI asserts that the difference in thickness means the claim construction issues before the Court in the Middle District will not be at issue before this Court. DRI argues that this fact, along with the fact that trial is "many months away" in the Middle District means this Court should not, in the exercise of its discretion, stay the instant matter pending an outcome in the Middle District.

### 3. **Defendant's Reply**

Primary Acoustics, while apparently acknowledging that, in fact, it shipped some VerdeX™ panels to Pennsylvania, argues that this should nevertheless not be enough to subject it to personal jurisdiction in this District. Defendant claims to have shipped only a small number of panels, and the customer, Liberty Flooring LLC ("Liberty"), is based in New Jersey. Defendant claims merely to have delivered the panels, at Liberty's request, to its Paoli sales office, and argues that this one incident does not establish the minimum contacts with Pennsylvania necessary to establish personal jurisdiction. Primary Acoustics further maintains that a focus on

business in the Middle Atlantic region generally cannot establish minimum contacts with Pennsylvania specifically, even considering the single sale mentioned above.

Regarding the Motion to Stay, Primary Acoustics replies that the defendant in the case before the District Court for the Middle District supplies VerdeX™ panels to Primary Acoustics. In Defendant's view, the litigation in the Middle District is therefore subject to the "customer suit" exception, regardless of the thickness of the panels sold to it.

### III.  Legal Standard

Questions of personal jurisdiction in patent actions are governed by Federal Circuit law, rather than that of the regional circuit in which the actions arise. Davlyn Mfg. Co., Inc. v. H&M Auto Parts, Inc., 414 F. Supp.2d 523, 527 (E.D. Pa. 2005) (Joyner, J.) (*citing* Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995)). A district court may assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits, consistent with the requirements of due process. See Commissariat A L'Energie Atomique v. Chi Mei Optoelectonics Corp., 395 F.3d 1315, 1319 (Fed. Cir. 2005). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b). Due process requires that the defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." LSI Indus. Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1374-75 (Fed. Cir. 2000) (*quoting* International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

A court may exercise personal jurisdiction based on a defendant's general or specific contacts with the forum. General jurisdiction is based upon the defendant's "continuous and

systematic contacts" with the forum. Id. (*citing* Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-416 (1984)). Specific jurisdiction is appropriate only if the Federal Circuit's three-prong test is met: "(1) the defendant 'purposefully directed' its activities at residents of the forum state; (2) the claim arises out of or relates to those activities; and (3) the exercise of personal jurisdiction would be reasonable and fair." Davlyn Mfg. Co., Inc., 414 F. Supp. 2d at 528 (*quoting* 3D Sys. v. Aarotech Lab., 160 F.3d 1373, 1378 (Fed. Cir. 1998)).

In deciding a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proving, through affidavits, or competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. See Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 42 (D.D.C. 2003). Once the plaintiff makes out a *prima facie* case in favor of personal jurisdiction, the burden shifts to the defendant to establish that the presence of some other considerations would render jurisdiction unreasonable. See Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003). "[P]leadings and affidavits are to be construed in the light most favorable to the plaintiff." Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (internal quotation omitted).

## IV.    Discussion

The Complaint asserts Defendant is subject to both general and specific personal jurisdiction in that Defendant maintains continuous systematic contacts with Pennsylvania, and Defendant's business transactions conducted within Pennsylvania give rise to the instant action, respectively. (Compl. ¶ 5.) DRI's Brief, however, only claims Primary Acoustics maintains systematic and continuous contacts with Pennsylvania "upon information and belief," without offering any evidence of those contacts. (Pl's Brief at 2.) Without any competent evidence to

establish general jurisdiction, the Court may only consider DRI's patent infringement claim upon a finding of specific jurisdiction.

### 1.    "Purposefully directed"

The first prong of the Federal Circuit's personal jurisdiction test asks whether the defendant 'purposefully directed' contacts at Pennsylvania. See Elecs. for Imaging, Inc., 340 F.3d at 1350-51. DRI argues that Primary Acoustics has concentrated its selling and marketing efforts in Pennsylvania. As evidence, DRI offers the Verified Statement of Paul Downey, Manager of DRI. Mr. Downey reports his investigation into the manufacturer of VerdeX™ led him to the website of Swirnow Building Systems Management LLC ("Swirnow"), purporting to indicate that Primary Acoustics supplies VerdeX™ panels to Swirnow, and that these panels are likely to have been installed in buildings located within this District. Attached to the Downey Statement as three exhibits are sections of the Swirnow website. The web pages show that Swirnow offers VerdeX™ products produced by Primary Acoustics (Downey Statement, Ex. A), and identifies several Swirnow building projects located within this District (id., Ex. C).

Primary Acoustics, through the affidavit of its Executive Vice President, Andrew W. Naden, states that while Primary Acoustics concentrates its selling and marketing efforts on the Middle Atlantic Region, it has never advertised VerdeX™ in Pennsylvania. Mr. Naden further states that only one of Primary Acoustics' salespersons resides in Pennsylvania, that this salesperson has only completed sales of VerdeX™ outside of Pennsylvania, and that the majority of Primary Acoustics' salespersons and executives live in or near Baltimore, Maryland. Primary Acoustics acknowledges that a single order of VerdeX™ panels was delivered to the sales office

of Liberty Flooring LLC in Paoli, Pennsylvania.[1]

### 2. "Arises out of or relates to"

Plaintiff offers evidence of a transaction conducted by Primary Acoustics in which Primary Acoustics delivered VerdeX™ panels to a location in Paoli, Pennsylvania. DRI offers the Verified Statement of Douglas E. Tunnell, Vice President of Liberty, stating Primary Acoustics delivered eight VerdeX™ panels to Liberty's sales office in Paoli, Pennsylvania, in October 2006. Attached as Exhibit A is what Tunnell asserts is a true and correct copy of the invoice received by Liberty from Primary Acoustics indicating that the VerdeX™ panels were shipped to an address in Paoli, Pennsylvania. Primary Acoustics does not dispute the transaction with Liberty resulted in Primary Acoustics delivering VerdeX™ panels to Paoli. Since DRI's patent infringement claim arises out of sales of VerdeX™ panels (Compl. ¶ 11), it is likely DRI has met the second prong of the test.

### 3. "Reasonable and fair"

Even if DRI has proven Primary Acoustic's "minimum contacts" with Pennsylvania, Primary Acoustics would have the opportunity to defeat jurisdiction if it shows that maintenance of jurisdiction would not "comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (*quoting* Int'l Shoe, 326 U.S. at 320).

The reasonableness inquiry encompasses factors including (1) the burden on the

---

[1] Mr. Naden's affidavit initially denied Primary Acoustics had ever completed a sale in Pennsylvania. (Def's Mot. to Dismiss, Ex. A. at ¶ 9.) In reply to Plaintiff's offer of evidence of one sale to Liberty Flooring LLC, Defendant has acknowledged the sale occurred, and that the VerdeX™ panels were delivered to Paoli. Mr. Naden explains that he overlooked this transaction because it represents an unusually small order, and it was categorized in Primary Acoustics' records as a delivery to New Jersey, where Liberty has its principal place of business. (Reply, Ex. A ¶¶ 3-6.)

defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest in the several states in furthering fundamental substantive social policies.

Elecs. for Imaging, Inc., 340 F.3d at 1352.

### V.   Conclusion

The Court will deny Plaintiff's Motion to Dismiss without prejudice, pending completion of jurisdictional discovery. At that time, the Court will consider the briefs already filed, which may be supplemented based on the results of the additional discovery. At that time, the Court will also consider the status of the case pending in the Middle District of Pennsylvania, and convene a pretrial conference to determine future events.

An appropriate Order follows.

O:\CIVIL\06-5074 Dodge-Regupol v. Primary Acoustics\06-5074 Dodge-Regupol v. Primary Acoustics MTD, Transfer Venue, Stay.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DODGE-REGUPOL, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-5074 |
| PRIMARY ACOUSTICS LLC | : | |

## ORDER

AND NOW, this 24th day of August, 2007, it is hereby ORDERED that Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue, and Motion to Stay the Proceedings (Doc. No. 8) is DENIED without prejudice. Defendant's Motion to File a Reply (Doc. No. 12) is DENIED as moot.

The parties are directed to initiate promptly and complete discovery on the issue of jurisdiction within sixty (60) days. Defendant will thereafter have ten (10) days to file a supplemental brief in support of its Motion to Dismiss for Lack of Jurisdiction; Plaintiff will have ten (10) days to respond. The Court will likely schedule a hearing to hear argument, and to take testimony, if necessary, on the issue of jurisdiction, and to determine future proceedings.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.